UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH THOMAS,<br><br>    Plaintiff,<br><br>    v.<br><br>B. HAMKAR, et al.,<br><br>    Defendants. | No.  2:14-cv-2365 TLN CKD P<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

   Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

   Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

   Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

1      The court is required to screen complaints brought by prisoners seeking relief against a
2 governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The
3 court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
4 "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
5 monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

6      A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
7 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
8 Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
9 indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
10 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
11 pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
12 Cir. 1989); Franklin, 745 F.2d at 1227.

13      In order to avoid dismissal for failure to state a claim a complaint must contain more than
14 "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause
15 of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words,
16 "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
17 statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim
18 upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A
19 claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
20 the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct.
21 at 1949. When considering whether a complaint states a claim upon which relief can be granted,
22 the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),
23 and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416
24 U.S. 232, 236 (1974).

25      Plaintiff alleges that, while housed at California State Prison-Sacramento in 2013 and
26 2014, he suffered from hip pain due to osteoarthritis. In September 2013, he filed a 602 appeal
27 asking for physical therapy and treatment for his pain. In December 2013, he was evaluated by
28 defendant Dr. Hamkar, who concluded that his hip and back functioned normally and provided

him non-narcotic medicine for pain control. Hamkar cited these findings in response to plaintiff's first-level appeal. Plaintiff appealed the decision to the second level of review, where defendant Daye denied it, citing plaintiff's medical records in support of the conclusion that plaintiff did not require narcotics for his hip pain. Plaintiff appealed this decision to the Director's Level of review, where defendant Lewis determined that plaintiff had received adequate medical treatment. In the instant action, plaintiff seeks relief in the form of "access to medical marijuana."

Denial or delay of medical care for a prisoner's serious medical needs may constitute a violation of the prisoner's Eighth and Fourteenth Amendment rights. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). An individual is liable for such a violation only when the individual is deliberately indifferent to a prisoner's serious medical needs. Id.; see Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000). A difference of opinion about the proper course of treatment is not deliberate indifference, nor does a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment amount to a constitutional violation. See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Under this standard, plaintiff has failed to state a medical indifference claim against any defendant. Rather, he alleges a difference of opinion between him and prison officials as to the appropriate course of treatment for a mild case of arthritis in his hip. Having reviewed the complaint and attached records, the undersigned concludes that the complaint cannot be cured by amendment so as to state a medical indifference claim on the underlying facts. Thus the undersigned will recommend that the complaint be dismissed with prejudice.

I       Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 4) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3

IT IS HEREBY RECOMMENDED that the complaint be dismissed with prejudice for failure to state a claim upon which relief can be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 8, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / thom2365.14.new