UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH THOMAS, | No. 2:14-cv-2365 TLN CKD P |
| Plaintiff, | |
| v. | ORDER |
| B. HAMKAR, et al., | |
| Defendants. | |

Plaintiff commenced this pro se prisoner civil rights action on October 8, 2014. (ECF No. 1.) On January 9, 2015, the undersigned determined that plaintiff's complaint, which sought medical marijuana for plaintiff's hip pain, failed to state a claim upon which relief could be granted. (ECF No. 9.) The court further determined that the complaint could not be cured by amendment and recommended dismissal with prejudice. (Id.)

Plaintiff has filed objections to the findings and recommendations. He seeks leave to file an amended complaint. (ECF Nos. 12, 13.) In the interest of justice, the court will vacate its earlier recommendation of dismissal with prejudice and grant plaintiff leave to amend.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). If plaintiff chooses to amend the complaint, he should carefully read this screening order and focus his efforts on curing the deficiencies set forth therein.

1

In his amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. The January 9, 2015 recommendation that this action be dismissed "with prejudice" is hereby vacated, to be replaced with the language "without prejudice, with leave to amend." Otherwise, the findings and recommendations remain in place.

2. The Clerk of Court shall withdraw the referral of the January 9, 2015 findings and recommendations to a district judge for a dispositive ruling, as plaintiff has been granted leave to amend.

////
////
////
////
////

2

3. Plaintiff is granted thirty days from the date of this order to file an amended complaint. Failure to file an amended complaint within the time allotted will result in a recommendation that this action be dismissed.

Dated:  February 18, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / thom2365.amend

3